IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

      Plaintiff,                      No. CIV S-05-1717 DFL KJM P

  vs.

DR. LEONG, et al.,

      Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.99 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for

relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). While plaintiff makes passing references to inadequate eye care, impeding of access to courts, and delays in his receipt of mail, he does not provide sufficient detail to support civil rights claims on these grounds.

Regarding the eye care issue, in <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980), citing <u>Estelle</u>, 429 U.S. at 105-06. Plaintiff's general, conclusory allegations do not begin to satisfy <u>Estelle</u>.

To plead a viable claim of denial of access to the courts, a plaintiff must show actual injury, such as the dismissal of a meritorious action. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). No such injury has been alleged here.

Finally, although allegations of interference with incoming mail may be sufficient to state a claim for violation of the First Amendment, <u>see</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1432 (7th Cir. 1996), plaintiff fails to allege such interference with sufficient specificity.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint, if he is able to do so while complying with Federal Rule of Civil Procedure 11.

1   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
4 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
10   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading. This is
13 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.
18   In accordance with the above, IT IS HEREBY ORDERED that:
19   1. Plaintiff's request for leave to proceed in forma pauperis is granted.
20   2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
21 Plaintiff is assessed an initial partial filing fee of $2.99. All fees shall be collected and paid in
22 accordance with this court's order to the Director of the California Department of Corrections
23 filed concurrently herewith.
24   3. Plaintiff's complaint is dismissed.
25   4. Plaintiff is granted thirty days from the date of service of this order to file an
26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

4

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
3  an original and two copies of the amended complaint; failure to file an amended complaint in
4  accordance with this order will result in a recommendation that this action be dismissed.
5  DATED: May 8, 2006.

                                      UNITED STATES MAGISTRATE JUDGE

[1] hart1717.14(10.13.05)